### Filby's Assigned Estate.

*Appeals—Supersedeas—Appeal bond—Second appeal—Acts of May 19, 1897, and June 4, 1901.*

1. An assignee for creditors who takes an appeal in his individual capacity because of a surcharge made against him must, in order to make the appeal a *supersedeas,* enter a bond as required by the Act of May 19, 1897, P. L. 67.

2. In such case the fact that he had before filed an official bond as assignee under the Act of June 4, 1901, P. L. 404, does not relieve him from filing the appeal bond.

3. The Act of May 19, 1897, P. L. 67, which provides that no appeal shall be a *supersedeas* unless perfected and bail entered within three weeks from the entry of the judgment or decree appealed from, is mandatory upon the court from which the appeal is taken, and that court has no discretion to modify its effect or to deny to a party in interest the right to insist on compliance with the order from which the appeal was taken.

4. The fact that a prior appeal was taken within three weeks and was quashed without being tried on the merits does not authorize the lower court to treat as a *supersedeas* the second appeal, taken after the expiration of the three weeks from the date of the entry of the decree, and after the record has been remitted for the purpose of enforcing the decree of the court below.

Rule to show cause why distribution of an assigned estate should not be made under an order from which an appeal has been taken. C. P. Washington Co., May T., 1916, No. 190.

*B. B. Barr,* for rule; *John C. Judson,* for respondent.

BROWNSON, J.—On Aug. 14, 1919, George B. Drake filed his account as assignee for the benefit of creditors of W. L. Filby, exhibiting a balance in his hands of $1732.41. Exceptions were filed to this account, and it was referred to an auditor to pass upon the exceptions and make distribution. The auditor reported, making surcharges aggregating $1305.27, awarding to lien creditors $1087.50 as the net proceeds of real estate, and appropriating the remainder of the enhanced fund, $1950.18, to the payment of expenses and costs to the amount of $432.30, and to the payment of dividends awarded to unsecured creditors aggregating $1517.82. This court, on Jan. 31, 1921, entered a final decree sustaining in part exceptions to the auditor's report, reducing the surcharges to the extent of sums aggregating $276.40, reducing correspondingly the awards made by the report to unsecured creditors, and confirming the report as so modified, and directing the accountant to make distribution in accordance with the modified report. After having taken an appeal to the Superior Court, at No. 134, April Term, 1921, thereof, which appeal was quashed on April 21, 1921, the accountant has entered a second appeal. The

1 D. & C.

*certiorari* on the latter appeal was received and filed in this court subsequent to the return-day of the rule now before us (which was June 22, 1921), but preliminary to the entry of this appeal the accountant filed in the prothonotary's office on May 4, 1921, a bond in the sum of $1000, conditioned that the appellant "will prosecute this appeal with effect and will pay such sum as shall be found to be due to the estate by the fiduciary, and all costs and damages awarded by the appellate court or legally chargeable against him." The National Bank of Claysville, a distributee, has, by exceptions to the bond and by a petition and rule to show cause, raised the question whether this second appeal operates as a *supersedeas* so as to stay the payment of the sums of money which the distribution decree ordered the accountant to pay. This question, as presented at the argument, is divisible into three sub-questions: (a) Whether the filing of an appeal bond is necessary to cause this appeal to operate as a *supersedeas;* (b) whether the bond filed on May 4, 1921, conforms to the requirements of the Act of May 19, 1897, P. L. 67; and (c) whether the appeal was taken and perfected in time.

Upon the first and second of these questions our views are that, as the appellant is appealing, not in a representative capacity, but in his personal capacity solely (Krodel's Estate, 14 Dist. R. 417; Wesley v. Whiteside, 24 Dist. R. 745; see, also, Revell's Estate, 12 Dist. R. 138), from a decree directing him to pay to creditors of the assignor certain moneys which he denies owing to the estate, his appeal falls within the provisions of section 6 of the Act of 1897, and the entry of security as therein specified is a prerequisite of a *supersedeas,* and this, notwithstanding the fact that he has heretofore filed an official bond as assignee under section 12 of the Act of June 4, 1901, P. L. 404, because that bond is not conditioned as provided in the Act of 1897 for such an appeal as this, and, therefore, section 15 of the latter act does not apply to this case; that the condition of this bond, although worded in accordance with section 11 of the act, embraces everything required by section 6 to be embraced in the condition prescribed by it, and, therefore, may in this particular be regarded as sufficient; but that, being in the penal sum of $1000, it is insufficient in amount to be a compliance with the requirements of section 6. As it may, perhaps, be, however, if a mistake has been made in fixing the amount of a bond intended to procure a *supersedeas,* that it would be a proper thing for the court, in the exercise of the powers given it by section 5, to afford the appellant an opportunity to give security in the proper sum (though see Locher's Estate, 16 Dist. R. 787), we pass to the third sub-question.

It is provided in section 4 of the Act of 1897 that no appeal shall "supersede an execution issued, or distribution ordered, unless taken and perfected and bail entered in the manner herein prescribed within three weeks" from the entry of the sentence, order, judgment or decree appealed from. Here an execution which has been issued and a distribution which has been ordered are classed together and put upon the same basis.

The rule now before us is a rule to show cause why the accountant should not pay to the petitioner the distributive awards which the distribution decree of Jan. 31, 1921, ordered him so to pay, and why he should not also make payment of the costs which the same decree ordered to be paid out of the fund distributed. The rule raises the question whether this appeal, which was not taken and perfected within three weeks after Jan. 31, 1921, supersedes the "distribution ordered" by the decree of that date. The date of perfecting the appeal was, under the provisions of section 2 of the act, the date when the

*certiorari* was filed in the court, which date was June —, 1921. The date of entering bail was May 4, 1921. Neither of these things was done within the three weeks, and the statute most explicitly declares that a "distribution ordered" shall not be superseded unless both things are done within that period. Nor, indeed, was any step in connection with the appeal taken till about four months after the decree. This statute is mandatory on us and we have no discretionary authority to relieve the respondent from its provisions and to deny to the petitioner the right, which the statute gives to it, to demand that the distribution decree be executed notwithstanding the pendency of the appeal.

Nor can we derive any such authority from the fact that the first appeal, which was taken within the three weeks, was quashed instead of being determined upon the merits. The statute makes no provision for obtaining a *supersedeas* by means of a second appeal, taken after the quashing of the first and more than three weeks after the decree. The action of the Superior Court in quashing the appeal and remitting the record to us for the enforcement of the decree is conclusive upon us. It is not for us to review the action of that court in thus terminating the appeal instead of retaining it and permitting the correction of the errors of practice, whatever they were, which led to its quashing, or to undertake to put the appellant in a position which would be the equivalent of that which the appellate court has refused to permit him to occupy.

This conclusion makes it unnecessary to consider what would be "the extent necessary to preserve the rights of the appellant," to which, under the provisions in the last sentence of section 16 of the Act of 1897, the appeal, if it operated as a *supersedeas*, would postpone payment in accordance with the distribution decree.

And now, Aug. 15, 1921, after argument and due consideration, the rule to show cause, granted on June 13, 1921, is made absolute at the cost of respondent, and it is ordered that the respondent make the payments therein specified.

From Harry D. Hamilton, Washington, Pa.